**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Walter Thomas Ward,<br><br>　　　　Petitioner,<br><br>vs.<br><br>Charles L. Ryan; et al.,<br><br>　　　　Respondents. | CV 18-0237-TUC-JAS (LAB)<br><br>**REPORT AND RECOMMENDATION** |

Pending before the court is a petition for writ of habeas corpus filed on May 7, 2018, by Walter Thomas Ward, an inmate currently held in the Arizona State Prison Complex in Florence, Arizona. (Doc. 1)

Pursuant to the Rules of Practice of this court, the matter was referred to Magistrate Judge Bowman for report and recommendation. LRCiv 72.2(a)(2).

The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order dismissing the petition. It is time-barred.

Summary of the Case

On September 26, 2007, Ward was convicted after a jury trial of "multiple felony offenses including aggravated assault, kidnapping, armed robbery, and sexual assault of a minor under fifteen." (Doc. 12-3, pp. 2-6); (Doc. 12-6, p. 3) On October 23, 2007, the trial court sentenced Ward to combined sentences of imprisonment totaling approximately 96 years. (Doc. 12, pp. 29-38)

On direct appeal, Ward argued that the state failed to preserve evidence, the state violated his rights under *Brady v. Maryland*, his cross-examination of a state's witness was improperly limited, and the prosecution committed misconduct. (Doc. 12-10, p. 33) The Arizona Court of Appeals affirmed his convictions on May 20, 2009. (Doc. 12-10, p. 32) The Arizona Supreme Court denied review on July 21, 2009. (Doc. 12, p. 100)

Ward filed notice of post-conviction relief (PCR) on September 2, 2009. (Doc. 12, p. 102) In his petition, he argued that the trial court improperly limited his counsel's closing argument to sixty minutes and erroneously excluded evidence of bad acts committed by the co-defendant after his arrest. (Doc. 13, p. 58) He further argued that trial counsel and appellate counsel were ineffective in their handling of those issues. *Id*. On March 9, 2010, the trial court denied the petition for post-conviction relief. (Doc. 13, p. 3) The Arizona Court of Appeals granted review but denied relief on July 9, 2010. (Doc. 13, p. 57)

Approximately seven-and-one-half years later, on February 20, 2018, Ward filed a pro se petition for post-conviction relief (PCR). (Doc. 13, p. 64) He claimed (1) the "grand jury failed to invoke it[]s jurisdiction," (2) the "superior court failed to invoke it[]s jurisdiction," and further raised a (3) "claim of actual/factual innocence." (Doc. 13, pp. 64-70) The trial court found Ward's claims to be precluded because they could have been raised on appeal or in his first petition for post-conviction relief. (Doc. 13, p. 76) Ward did not file a petition for review with the Arizona Court of Appeals. (Doc. 1, pp. 5-6)

Ward filed in this court a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on May 7, 2018. (Doc. 1) He claims (1) the "grand jury failed to invoke it[]s jurisdiction," (2) the "superior court failed to invoke it[]s jurisdiction," and further raises a (3) "claim of actual/factual innocence." (Doc. 1) His claims are entirely conclusory without any explanation or factual support.

On September 6, 2018, the respondents filed an answer arguing, among other things, that the petition is time-barred. (Doc. 10) Ward did not file a timely reply. The respondents are correct; the petition is time-barred.

Discussion

The writ of habeas corpus affords relief to persons in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). The petition, however, must be filed within the applicable limitation period or it will be dismissed. The statute reads in pertinent part as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>     (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). The "one-year statute of limitations . . . applies to each claim in a habeas application on an individual basis." *Mardesich v. Cate*, 668 F.3d 1164, 1170 (9th Cir. 2012).

The limitation period for all of McCutcheon's claims was triggered on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). It does not appear to the court that any of the other possible "triggers" apply here. And, Ward does not raise the issue.

The Arizona Supreme Court affirmed Ward's convictions and sentences on July 21, 2009. (Doc. 12, p. 100) Ward then had 90 days to petition the U.S. Supreme Court for review. Sup. Ct. R. 13. When he did not do so, his judgment became final on October 19, 2009. *See Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999).

1         The limitation period did not begin running immediately, however, because Ward's first post-conviction relief proceeding was pending at that time. 28 U.S.C. § 2244(d)(2). Statutory tolling ended when the Arizona Court of Appeals granted review but denied relief on July 9, 2010. (Doc. 13, p. 57) The one-year limitation period began running the next day and would have expired one year later on July 9, 2011, but July 9th is a Saturday, so the deadline was extended to Monday, July 11, 2011. Fed.R.Civ.P. 6(a)(3).

        Ward filed his petition for habeas corpus on May 7, 2018 more than six years too late. (Doc. 1) It is time-barred. Ward's second post-conviction relief (PCR) petition, filed on February 20, 2018, did not renew the limitation period, which expired in 2011. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).

        The court notes that Ward's petition contains a claim of "actual/factual innocence." (Doc. 1, p. 9) Under certain circumstances, a claim of "actual innocence" serves as a "gateway through which a petitioner may pass whether the impediment is a procedural bar or expiration of the statute of limitations." *Stewart v. Cate*, 757 F.3d 929, 937-938 (9th Cir. 2014). "When an otherwise time-barred habeas petitioner presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of non-harmless constitutional error, the Court may consider the petition on the merits." *Id.* (punctuation modified). "The Supreme Court has recently cautioned, however, that tenable actual-innocence gateway pleas are rare." *Id.* "A petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.*

        To establish a claim of "actual innocence" the petitioner must first present "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324, 115 S. Ct. 851, 865 (1995). Here, however, Ward does not present any new evidence undermining his convictions. Instead, he asserts in a conclusory fashion that the court did not properly establish its jurisdiction over "(1) the offense, (2) subject matter, and (3) Defendant's person." (Doc. 1, p. 9) He further objects to the "state courts stacking of charges." *Id.* Ward

provides no further explanation. He refers the court to his pro se Rule 32 PCR petition, but that petition is similarly vague. *See* (Doc. 13, pp. 64-70); Ward has not made a credible showing of "actual innocence" to rescue his untimely petition. *See, e.g., Wildman v. Johnson*, 261 F.3d 832, 843 (9th Cir. 2001) (Petitioner who argued "his consecutive sentences were illegal under the applicable Oregon statute" did not establish factual innocence because he "failed to challenge the facts underlying his convictions.").

Ward argues that the one-year statute of limitations should not bar his petition because he is not a lawyer and does not fully understand proper procedures. (Doc. 1, p. 12) The court interprets this statement as an argument for equitable tolling.

"[A] petitioner is entitled to equitable tolling [of the limitation statute] only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lakey v. Hickman*, 633 F.3d 782, 786 (9th Cir. 2011) (punctuation modified), *cert. denied*, 131 S.Ct. 3039 (2011). "The petitioner must additionally show that the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time." *Id.* "The high threshold of extraordinary circumstances is necessary lest the exceptions swallow the rule." *Id.*

Ward's lack of legal experience is not an "extraordinary circumstance" that justifies equitable tolling. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("[A] pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling."). He is not entitled to equitable tolling.

RECOMMENDATION

The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order DISMISSING the petition for writ of habeas corpus. (Doc. 1) It is time-barred.

Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within 14 days of being served with a copy of this report and recommendation. If objections are not

timely filed, they may be deemed waived.  The Local Rules permit a response to an objection. They do not permit a reply to a response.

DATED this 15th day of October, 2018.

*Leslie A. Bowman*
Leslie A. Bowman
United States Magistrate Judge